UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| PATRICK NOEL MILTON HARDING, Movant, vs. UNITED STATES OF AMERICA, Respondent. | CIV. 18-5022-JLV ORDER |

Movant Patrick Noel Milton Harding filed a *pro se* motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. (Docket 1). The government filed a motion to dismiss Mr. Harding's § 2255 motion. (Docket 10). Pursuant to 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014, standing order, the motion was referred to United States Magistrate Judge Veronica L. Duffy. The magistrate judge filed a report and recommendation concluding the court should grant the government's motion and dismiss and deny Mr. Harding's motion to vacate, set aside or correct his sentence. (Docket 19). Mr. Harding filed objections to the report and recommendation. (Dockets 21, 22 & 24).

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The magistrate judge determined the court lacks subject matter jurisdiction over Mr. Harding's § 2255 motion. (Docket 19 at pp 5-10). Analyzing Mr.

Harding's late § 2255 motion as a writ of error *coram nobis*, the magistrate judge concluded Mr. Harding is not entitled to the relief he seeks. Id. at pp. 10-23. Specifically, the magistrate judge found Mr. Harding fails to maintain a viable claim based on ineffective assistance of counsel. Id. at pp. 10-21. While Mr. Harding was not warned of the deportation consequence of his conviction, the magistrate judge determined Mr. Harding procedurally defaulted any claim on that ground. Id. at pp. 21-23. The magistrate judge also concluded Mr. Harding's "to be determined" claims are not sufficient to receive § 2255 relief. Id. at p. 23.

Mr. Harding's objections are mostly general arguments, and he does not clearly state an objection to the magistrate judge's statement of facts. Id. at pp. 2-5. To the extent Mr. Harding advances objections to this portion of the report and recommendation, they are overruled. The court recalls presiding over Mr. Harding's underlying criminal case and finds the report and recommendation's factual statement accurately and succinctly describes the history relating to Mr. Harding's § 2255 motion.

Mr. Harding's objections primarily target the magistrate judge's legal determinations. (Dockets 21, 22 & 24). The court finds no legal error in the magistrate judge's report and recommendation. With respect to subject matter jurisdiction, the magistrate judge correctly concluded Mr. Harding was not "in custody" when he filed his § 2255 motion. (Docket 19 at pp. 5-10); see Kandiel v. United States, 964 F.2d 794, 794-98 (8th Cir. 1992). Contrary to Mr. Harding's objections, he fails to demonstrate prejudice in the context of his claim based on ineffective assistance of counsel. (Docket 19 at pp. 10-21); see Arias-Gonzales v. United States, 486 Fed. Appx. 617, *1 (8th Cir. 2012) (per curiam) (unpublished). The magistrate judge properly analyzed Mr. Harding's arguments about not being aware of

2

the immigration consequences of his eventual conviction; they are procedurally defaulted. (Docket 19 at pp. 21-23); see McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001). Mr. Harding's "to be determined" claims do not warrant § 2255 relief. (Docket 19 at p. 23); see Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985). The court overrules Mr. Harding's objections to the magistrate judge's report and recommendation.

Based on the above analysis, it is

ORDERED that Mr. Harding's objections (Dockets 21, 22 & 24) are overruled.

IT IS FURTHER ORDERED that movant's motion to show cause (Docket 16) is denied as moot.

IT IS FURTHER ORDERED that the report and recommendation (Docket 19) is adopted in full.

IT IS FURTHER ORDERED that respondent's motion to dismiss is granted (Docket 10).

IT IS FURTHER ORDERED that Mr. Harding's motion (Docket 1) is denied with prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts, the court declines to issue a certificate of appealability. A certificate may issue "only if the applicant has made a *substantial showing* of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if a "court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Mr. Harding has not made a substantial showing of the denial of a constitutional right.

Although the court declines to issue a certificate of appealability, Mr. Harding may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22. See Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts and Fed. R. App. P. 22.

Dated August 13, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE